IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:25-CR-107-DCP |
| EDWARD VINCENT SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER TEMPORARILY MODIFYING CONDITIONS OF PROBATION**

This case is before the Court on Defendant Edward Smith's Motion to Allow Travel [Doc. 24], filed on August 25, 2026. *See* 28 U.S.C. § 636(b). On February 12, 2026, Defendant Smith entered a guilty plea to a single count of making a false statement to obtain federal employees' compensation in violation of 18 U.S.C. § 1920 [Doc. 7, Minutes]. On August 25, 2026, the undersigned sentenced Defendant to a one-year term of probation with a condition of six months of home confinement[1] [Doc. 27 pp. 2, 4]. The Court also imposed the standard condition that defendant not travel outside of this district without permission and the special condition that he "not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon . . . [e]xcept, the defendant may possess or have access to a firearm only for the purposes of employment[, and t]he firearm must be stored at his place of employment" [*Id*. at 3–4].

Defendant now moves the Court to modify his conditions of probation to allow him to travel to Lee, Maine, on August 29 to September 5, 2026, to attend a Veterans' Bear Hunt Retreat; to Milford, Maine, from September 5 to 10, 2026, to stay with a friend; and to return to Knoxville,

[1] Home confinement means Defendant may not leave his "place of residence except for employment and other activities approved in advance by the probation officer" [Doc. 26 p. 4 (special condition 6)].

Tennessee, on September 10, 2026 [Doc. 24 ¶¶ 4–5].[2] Defendant states that the retreat is organized by House in the Woods, a non-profit organization that provides therapeutic recreational retreats for veterans of the armed forces, particularly members with PTSD or other combat-related injuries [*Id.* ¶ 4]. Defendant attached information on the details of the retreat and his flight schedule [Doc. 24-1]. On August 26, 2026, a member of defense counsel's staff sent an email to Chambers stating that Defendant will not be traveling to the retreat with a rifle. The retreat information reflects that participants may borrow a rifle from the House in the Woods, which will provide ammunition for borrowed firearms [Doc. 24-1 p. 5].

The Government responded that it has no opposition to Defendant's motion [Doc. 25]. It states that the "probation office does not object to defendant's request" [*Id.* at 1]. The Government notes that modification of the conditions of probation is within the Court's discretion [*id.* at 2 (citing 18 U.S.C. § 3563(c))] and that the Court need not hold a hearing on the modification when it is favorable to the defendant and does not extend the probationary term [*id.* (citing Fed. R. Crim. P. 32.1(c)(2)(B))]. It observes that Defendant booked his flight reservations for the trip prior to his sentencing hearing [*Id.*]. It also points out that the Court requires that Defendant participate in a program of mental health treatment and that Defendant's motion indicates that the proposed retreat may have therapeutic benefits [*Id.* at 2–3]. The Government concludes that based upon the absence of objection from the United States Probation Office ("USPO") and the Court's discretion to modify the conditions of probation, it does not object to the requested travel to Maine [*Id.* at 3].

---

2 At the conclusion of the sentencing hearing, Defendant raised the matter of a trip to Maine to participate in a bear hunt for disabled veterans from August 29 to September 10, 2026. The undersigned instructed defense counsel to file a motion with the details of his request and asked the Government to respond quickly given the nearness of the trip.

The undersigned has carefully reviewed Defendant's travel request and its effect on his newly imposed conditions of probation. The undersigned notes the potential therapeutic benefits of the retreat. The Court also observes that Defendant applied to attend the retreat and arranged and paid for flights to and from Maine prior to his sentencing hearing.[3] Importantly, the Court finds Defendant's request for travel is unopposed. Thus, the Court **GRANTS** Defendant's request to travel [**Doc. 24**] **subject to the following conditions** and **ORDERS** that

(1) Defendant may travel outside the Eastern District of Tennessee to the Veterans' Bear Hunt Retreat at House in the Woods in Lee, Maine, and to stay with a friend in Milford, Maine, from August 29–September 10, 2026;

(2) Defendant's condition of home confinement [Doc. 27 p. 4 (special condition 1)] shall begin following his return to this district after the permitted travel;

(3) Defendant shall provide the details of his itinerary (travel route, flight details, lodging to include the name and address of his friend in Milford, Maine) and his contact information for the duration of the trip to his supervising probation officer as soon as possible and prior to departing the district;

(4) Defendant must abide by the means and times of contact required by his supervising USPO while on the trip;

(5) Defendant must contact his supervising USPO immediately if his travel plans change or if he experiences any delay in returning to Knoxville, Tennessee, on September 10, 2026;

(6) Defendant's firearms restriction [Doc. 27 p. 4 (special condition 6)] is modified to permit Defendant to possess or have access to firearms and ammunition during the Veteran's Bear Hunt Retreat from **August 29–September 5,**

---

[3] Based upon Defendant's responses at his February 12, 2026 change-of-plea hearing, Defendant was aware that he could receive a sentence of incarceration. The Presentence Report [Doc. 10, SEALED] filed on May 4, 2026, informed Defendant that he could receive a term of home confinement, as did the Government's sentencing memorandum dated May 22, 2026 [Docs. 12 & 23]. The email on the details of the retreat to Defendant from the Development and Social Media Coordinator for House in the Woods is dated July 19, 2026 [Doc. 24-1 p. 1]. Thus, Defendant likely made these travel arrangements knowing that he might not be permitted to travel.

**2026**. The firearms restriction [*id*. (special condition 6)] applies as written for the remainder of the trip[4] and following Defendant's return to the district; and

(7) Defendant must abide by all other conditions of his probation while on the trip.

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[4] Defendant may not access firearms at his friend's residence, although his friend need not remove firearms from his or her residence.